[Civ. No. 31461.   Second Dist., Div. One.   Mar. 15, 1968.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. UNION DISTRIBUTING COMPANY et al., Defendants and Appellants.

Anson & Gleaves and Milnor E. Gleaves for Defendants and Appellants.

Harold W. Kennedy and John D. Maharg, County Counsel, Peter R. Krichman and S. Robert Ambrose, Deputy County Counsel, for Plaintiff and Respondent.

WOOD, P. J.—In this eminent domain proceeding, plaintiff County of Los Angeles seeks to acquire, as a site for a municipal court building in San Pedro, 78,000 square feet of unimproved real property owned by defendant Union Distributing Company, a partnership. The jury found that the fair market value of the property on September 25, 1964 (date of filing complaint), was $156,000. Defendants (partnership and partners) appeal from the judgment that plaintiff shall become the owner of the property upon the payment to defendants of $156,000 and costs.

Appellants contend that the court erred in excluding evidence of the value of certain improved real property in the vicinity of defendants' property.

Defendants' property is an unimproved parcel of 78,000 square feet which is bounded on the north by Fifth Street (in San Pedro), on the south by Sixth Street, and on the east by Centre Street. It is about three blocks west of the waterfront of the harbor and it has been vacant and unimproved about 35 years. There was testimony that prior to 1964 the general condition of property in that area was blighted—the structures in the area were 40 to 60 years old; although the area had once been the center of the commercial activity in San Pedro, such center is now elsewhere; and two blocks east of the property there is 'a skid row or a bowery type of neighborhood'' with several bars and liquor stores.

On September 25, 1964 (date set forth in pretrial order as date of valuation of property herein), construction had commenced on an 11-story office building, referred to as the Pacific Trade Center, on property across Fifth Street north of defendants' property. (At the time of the trial herein, June 1966, the office building had been completed.)

Mr. Fisher, a real estate appraiser called by plaintiff, testified in part that in his opinion the value of defendants' property (on date of valuation) was $156,000, or $2.00 per square foot for 78,000 square feet; and that his opinion was based upon approximately 12 sales of other properties in the vicinity between January 1961 and July 1964. All of said properties were within two blocks of defendants' property,—most of the properties were across the street from defendants' property, the sizes of the properties varied from 4,600 square feet to 75,000 square feet, and the sale prices of the properties varied from $.64 per square foot to $1.73 per square foot.

Mr. O'Brien, a real estate appraiser called by defendants,

testified in part that in his opinion the value of defendants' property (on valuation date) was $350,000, or $4.50 per square foot for 78,000 square feet; and that his opinion was based in part on approximately nine sales of other properties in the vicinity between July 1963 and July 1964. Seven of those sales were among those upon which Mr. Fisher (appraiser for plaintiff) based his opinion, and the details with reference thereto (including price per square foot of each of the properties) were similar. The two other sales were a sale in January 1964 of 13,800 square feet of improved property, across the street from defendants' property, for $2.56 per square foot, and a sale in March 1964 of 4,600 square feet of property, across the street from defendants' property, for $2.28 per square foot.

Mr. Atchison, a San Pedro real estate broker called by the defendants, testified in part that in his opinion the value of defendants' property (on valuation date) was $370,500, or $4.75 per square foot for 78,000 square feet; and that his opinion was based in part on sales of other properties in the vicinity in 1963 and 1964. The locations, sizes, and prices per acre of those properties were within the general ranges of the sold properties referred to by Mr. Fisher and Mr. O'Brien. Mr. Atchison also testified with reference to many recent "developments" in San Pedro, such as the Vincent Thomas Bridge to Terminal Island, the Ports of Call Village, and the Catalina Terminal, and he testified with reference to proposed developments such as the Cabrillo Marina and a new Civic Center.

After receiving evidence regarding the sale and resale in 1964 of certain property (with commercial buildings thereon) across Centre Street and about 150 feet east of defendants' property, the court sustained plaintiff's objection to an offer of proof by defendants relating to the sale and resale prices of said property and relating to the value of the buildings thereon. The opinions of Mr. O'Brien and Mr. Atchison as to the value of defendants' property were based in part upon the sale and resale of said property which was across Centre Street.

Some of the evidence relating to the sale and resale of said property (across Centre Street) was in substance as follows: The size of the property was about 20,000 square feet, upon which there were brick buildings which were "over forty years" old. The buildings were one-story buildings and

included about 1,250 square feet of floor space. Most of the buildings were partitioned into small stores. The property had been sold on June 16, 1964, and resold on September 29, 1964. One of the larger stores was rented and used as a bar. Another store was rented and used by a sign painter, and another store was rented and used by an optometrist. Other stores were rented and used "for storage, furniture storage, and things of that nature," primarily by businesses which rented space for the storage of surplus inventories. After the sale on June 16, 1964, and prior to the resale on September 29, 1964, the buildings were used as an office, and for storage of equipment, in connection with the construction of the office building (Pacific Trade Center).

The offer of proof was in substance that the sale price of the property on June 16, 1964, was $75,000, at the rate of $3.75 per square foot; the resale price on September 29, 1964, was $95,000, at the rate of $4.75 per square foot; both the buyer at the sale and the buyer at the resale attributed no value to the brick buildings on the property; after the buildings had been used in connection with the construction of the Pacific Trade Center building, the buildings were torn down at the buyer's expense and the property was used in connection with the trade center building; each of the defendants' experts (Mr. O'Brien and Mr. Atchison) would testify that in his opinion the buildings had no value at the time of the sale and resale; and each of said witnesses would testify that the principal basis for his opinion ($370,000 or $350,000) as to the value of defendants' property was the sale and resale prices of the sold property.

As previously stated, the jury found that the fair market value of defendants' property on the valuation date was $156,000 (which is $2.00 per square foot for 78,000 square feet).

Appellants contend that the court erred in excluding the offered evidence of the sale and resale prices of the improved property and the evidence that the buildings therein were of no value.

Section 1271.2 of the Code of Civil Procedure (now Evid. Code, § 816), which was enacted after the decision in *County of Los Angeles* v. *Faus,* 48 Cal.2d 672 [312 P.2d 680], provided in part that when relevant to the determination of the value of property, a witness may take into account as a basis for his opinion the price and other circumstances of a sale of comparable property. Said section further provided: "In

order to be considered comparable, the sale . . . must have been made sufficiently near in time to the date of valuation, and the property sold must be located sufficiently near the property being valued, and must be sufficiently alike in respect to character, size, situation, usability, and improvements, to make it clear that the property sold and the property being valued are comparable in value and that the price realized for the property sold may fairly be considered as shedding light on the value of the property being valued.''

Section 1272.4 of the Code of Civil Procedure in effect at the time of the trial (now Evid. Code, § 822) provided in part that the following matter is inadmissible as evidence and is not a proper basis for an opinion as to the value of property: ''. . . (d) An opinion as to the value of any property or property interest other than that being valued.''

In *People* ex rel. *State Park Com.* v. *Johnson*, 203 Cal.App. 2d 712, 718-719 [22 Cal.Rptr. 149], wherein an issue on appeal was whether the court erred in admitting evidence of the sale prices of two motel properties as being comparable to the unimproved (vacant beach) property to be valued, the court held that it was error to receive such evidence, and said (pp. 718-719) : ''The case of *County of Los Angeles* v. *Faus,* 48 Cal.2d 672 [312 P.2d 680], reversed a long line of cases by holding that evidence of sale prices of comparable properties is admissible on direct examination. In holding that evidence of such sales is admissible, the court declared that certain limitations or 'safeguards' are to be recognized, approving the quotation from McCormick on Evidence (1954), section 166, page 348, as follows: 'These safeguards are the following: The sales of the other tracts must have been sufficiently near in time, and the other land must be located sufficiently near the land to be valued, and must be sufficiently alike in respect to character, situation, usability, and improvements, to make it clear that the two tracts are comparable in value and that the price realized for the other land may fairly be considered as shedding light on the value of the land in question. Manifestly, the trial judge in applying so vague a standard must be granted a wide discretion.'

''It is recognized, of course, that the trial court has wide discretion to determine what are 'comparable properties' [citations].

''In *Covina Union High School Dist.* v. *Jobe,* 174 Cal.App. 2d 340 [345 P.2d 78], the court said (p. 350) : 'There can be

no absolute formula or definition of what constitutes similar or like property. Certainly, similar does not mean identical. It appears to us that the determination must vary with each particular case. The *Faus* case, *supra*, mentioned the items of time, location, character, situation, usability and improvement.'

"In the instant case, the property being condemned is private, unimproved, sandy beach. The evidence here, admitted over objection, related to sales of existing, improved motel properties.

"In our opinion, the admission of such evidence in the instant case does not recognize the 'safeguards' mentioned in the *Faus* decision and does not come within the reasonable limitations of 'comparable sales.' Here we have the attempted comparison of unimproved vacant land with improved, going business properties. There is no present similarity as to improvements, size or income. Because the alleged comparables have substantial improvements located upon them, it becomes immediately necessary for the real estate expert to separate the land values from the improvement values, sometimes not an easy or scientific task." (See *Community Redevelopment Agency* v. *Henderson*, 251 Cal.App.2d 336, 340-343 [59 Cal.Rptr. 311].)

In the present case, the evidence which was received, and the offer of proof, showed that the property sold was improved property on which there were buildings that were rented and used for various purposes, whereas the property to be valued (defendants' property) was unimproved property which had been vacant more than 40 years. Whether the property sold was comparable to the property to be valued, within the meaning of the above cited code sections and cases, so that the sale and resale prices of the sold property might fairly be considered to shed light on the value of defendants' property, was a matter for the trial judge to determine. In order for evidence of said sale prices (of the sold property) to fairly shed light on the value of the defendants' property, it would have been necessary (as recognized in the offer of proof) to present opinion evidence designating the value of the buildings and the value of the land comprising the sold property. Under the circumstances herein, the court did not err in excluding the offered evidence relating to the sale prices of, and the value of the improvements on, the sold property.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied April 12, 1968, and appellants' petition for a hearing by the Supreme Court was denied May 29, 1968. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.